**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| KATIE C. KENNEBREW, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-1346-RWS |
| GREEN TREE SERVICES LLC, | : | |
| LENDMARK FINANCIAL | : | |
| SERVICES, INC., and ELLIS, | : | |
| PAINTER, RATTERREE & | : | |
| ADAMS LLC, | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This case comes before the Court on Plaintiff's Motion for Relief [4] and Defendants Green Tree Servicing LLC ("Green Tree") and Lendmark Financial Services, Inc.'s ("Lendmark") Motion to Dismiss [7]. After reviewing the record, the Court enters the following Order.

## **Background**

Plaintiff Katie C. Kennebrew initiated this action on May 5, 2014, requesting the Court to set aside a foreclosure sale on the grounds of wrongful foreclosure, fraud, and misrepresentation. (Compl., Dkt. [1]) Plaintiff purchased real property located at 4868 Zinzendorf Drive, Lithonia, Georgia 30038 (the

"Property") on June 29, 2001. (Pl.'s Mot. for Relief, Dkt. [4] at 3; Security Deed, Dkt. [7-2] at 1.) That same day, Plaintiffs executed a promissory note to obtain a loan from Lendmark in the principal amount of $107,115.00. (Security Deed, Dkt. [7-2] at 1.)[1] Plaintiff contemporaneously executed a security deed in favor of Lendmark as grantee. (Id.) The security deed was then recorded in the DeKalb County real property records. (Id.) According to Defendants, Green Tree now services Plaintiff's loan. (Mot. to Dismiss, Dkt. [7-1] at 2.)

After filing her complaint with the Court, Plaintiff filed a U.S. Postal Service return receipt card showing she served by certified mail a copy of the summons to Defendant Green Tree at two corporate office addresses: one in Tempe, Arizona and another in St. Paul, Minnesota. The mailed summonses were not addressed to the president, any officer, or managing agent of Defendant Green Tree. The receipt cards Plaintiff filed were signed at the time and place of delivery, but the individuals who signed for the deliveries did not identify themselves as agents of Green Tree even though the receipt had a place

---

[1] The Court may take judicial notice of public records without converting the instant motion into a motion for summary judgment. Universal Express, Inc. V. SEC, 177 F. App'x 52, 53 (11th Cir. 2006) (stating that "[p]ublic records are among the permissible facts" of which a court may take judicial notice).

2

to acknowledge the signee was in fact an agent of the addressee. Further, it does not appear a copy of the complaint was attached to either summons. Defendants Green Tree and Lendmark argue that Plaintiff has failed to properly serve Defendants with notice, and so Plaintiff's complaint should be dismissed. Plaintiff has not responded to Defendants' motion, and thus Defendants' arguments are deemed unopposed. See L.R. 7.1(B), N.D. Ga.

## Discussion

While Defendants argue that Plaintiff has failed to state a claim upon which relief may be granted, they first argue they have not been properly served and thus the Court lacks jurisdiction over them. The issue of service must be addressed first. "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Medical Center 896 F.3d 1313, 1317 (11th Cir. 1990); see also Jackson v. FCC, Warden-USP, 259 F. App'x 181, 183 (11th Cir.2007) (vacating and remanding decision on the merits because defendants were not properly served and court did not have jurisdiction). Therefore, if Defendants have not been properly served, this Court has no jurisdiction to render a decision on the merits, and the case must be dismissed.

3

**I.     Legal Standard**

    A.    <u>Proper Service of a Corporation</u>

Federal Rule of Civil Procedure 4(h)(1) requires that a corporation be served with process either "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Under Rule 4(h), service of process on a corporation may be effected by delivering a copy of the summons and the complaint to an officer of the corporation. The Eleventh Circuit has held that Rule 4(h) requires personal service on an agent of a corporation to properly perfect service. <u>Dyer v. Wal-Mart Stores, Inc.</u>, 318 F. App'x 843, 844 (11th Cir. 2009) ("[t]he term "delivering" appears to refer to personal service). In <u>Dyer</u> the Court upheld dismissal of a *pro se* action on grounds of imperfect service where the complainant's only attempt at service was sending by certified mail a copy of the summons and complaint to the defendant corporation's registered agent.

Rule 4(h) also allows for service of a corporation in the manner prescribed by Rule 4(e)(1). Rule 4(e)(1) permits a claimant to perfect service by "following state law for serving a summons in an action brought in courts of

4

general jurisdiction in the state where the district court is located." In Georgia, a corporation is properly served by delivering a copy of both the summons and complaint to the president or other officer of such corporation, a managing agent thereof, or a registered agent thereof. O.C.G.A. § 9-11-4(e)(1)(A). "The mailing of a copy of the summons and complaint along with a request for acknowledgment of service to Defendant's registered agent is not sufficient under Georgia law to perfect service. The service upon a registered agent has to be personal." Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1478 (N.D. Ga. 1997) (citing Todd v. Harnischfeger Corp., 340 S.E.2d 22, 23 (Ga. Ct. App. 1985)).

### B. Time to Perfect Service

The Federal Rules give complainants 120 days from the date of filing to perfect service or face dismissal. FED. R. CIV. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant"). Because Defendants have moved for dismissal on the basis of improper service of process, this Court must dismiss the complaint if service of process was inadequate and 120 days have elapsed since the date

5

Plaintiff filed her complaint.

## II. Analysis - Defendants' Motion to Dismiss

While the Court will "liberally construe a *pro se* litigants' pleadings, *pro se* litigants are still required to conform to the procedural rules." Brandon v. Lockheed Martin Aeronautical Sys, 393 F. Supp. 2d 1341, 1348 (N.D. Ga. 2005). Defendants contend Plaintiff failed to serve a registered agent of the corporation with a copy of the summons and complaint as required by the Federal Rules of Civil Procedure and O.C.G.A. § 9-11-4(e). The Court agrees. First, Plaintiff did not personally serve the president or any agent of Defendant Green Tree or Defendant Lendmark. Plaintiff has filed only a U.S. Post Office return receipt showing delivery of a copy of the summons to Green Tree's corporate offices. Unlike the summons in Dyer, which was addressed to a registered agent but was still improper because it was not personally served, the summons here was neither personally served nor addressed to a registered agent or officer. Therefore, the Court finds Plaintiff did not properly serve Defendants as required by Rule 4 and O.C.G.A. § 9-11-4(e).

Second, both Rule 4 and the Georgia service statute require the complaint be served along with the summons. Plaintiff failed to attach the complaint to her

6

attempted service mailing. Thus, even if Plaintiff had personally served an agent of Green Tree or Lendmark, service was still inadequate because the complaint was not attached to the summons.

Finally, pursuant to Rule 4(m), the court must dismiss an action without prejudice if the plaintiff fails to perfect service of process within 120 days of filing the complaint. Plaintiff filed her complaint on May 5, 2014, and more than 120 days have passed. Thus, Plaintiff's complaint is due to be dismissed for inadequate service of process.

## Conclusion

Based on the foregoing, Defendants' Motion To Dismiss [7] is **GRANTED** and the complaint is **dismissed without prejudice**. Plaintiff's Motion for Relief, Stay and Injunction [4] is thus **DENIED as moot**.

**SO ORDERED**, this  2nd  day of October, 2014.

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)